UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

vs.

JUDITH RAINES, JACKSON FOOD
SERVICE, INC., d/b/a HUNGRY
HOWIE'S #4, ROBERT DARNELL, and
KAITLIN DARNELL,

        Defendants.
_____/

Civil Action No.
12-cv-11191

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER**
**(1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 16),**
**and (2) DENYING DEFENDANT JACKSON FOOD SERVICE, INC.'S MOTION FOR**
**SUMMARY JUDGMENT (Dkt. No. 19)**

This is a declaratory judgment action. Plaintiff Allstate Insurance Company ("Plaintiff") filed the Complaint in this matter on March 16, 2012. (Dkt. No. 1.) The Defendants are Judith Raines, Jackson Food Service, Inc. d/b/a Hungry Howie's #4 ("Hungry Howie's"), Robert Darnell, and Kaitlin Darnell.[1] The Court has jurisdiction over this matter because the parties are diverse and the insurance policy at issue is in excess of $75,000. (Dkt. No. 24, Am. Compl. ¶¶ 1-9.)

On October 18, 2012, Plaintiff filed a Motion for Summary Judgment. (Dkt. No. 16.) Defendant Hungry Howie's filed a Response and its own Motion for Summary Judgment on November 19, 2012. (Dkt. Nos. 18 and 19.) Plaintiff filed a Reply to its motion on December 10,

---

[1] Robert and Kaitlin Darnell have not entered a notice of appearance or any pleadings in this matter. On June 21, 2012, Plaintiff requested, and was granted, a clerk's entry of default as to these Defendants. (Dkt. Nos. 10 and 11.)

2012 (Dkt. No. 21), and a Response to Defendant Hungry Howie's motion on January 9, 2013 (Dkt. No. 22). Defendant Hungry Howie's did not file a Reply to its motion. The Court held a hearing on February 14, 2013.

For the reasons stated below, the Court will:

(1) GRANT Plaintiff's Motion for Summary Judgment;

(2) DENY Defendant Hungry Howie's Motion for Summary Judgment; and

(3) Enter judgment in favor of Plaintiff.

## I. BACKGROUND

On October 23, 2010, Defendant Kaitlin Darnell was delivering pizzas as an employee for Defendant Hungry Howie's. Defendant Darnell was turning into the side driveway for Defendant Hungry Howie's after delivering pizzas when she struck Defendant Raines, who was riding a bicycle on the sidewalk. Defendant Raines did not appear to be injured and did not go to the hospital. However, on October 27, 2010, Defendant Raines filed a police report regarding the accident. (Pl.'s Mot. Summ. J., Ex. E, Police Report.) The Police Report states that Defendant Raines "DID NOT MAKE A REPORT AT THE TIME [of the accident], BUT IS NOW HAVING HEALTH PROBLEMS AND NEEDS [Defendant Darnell] OR HUNGRY HOWIES [sic] TO PAY FOR MEDICAL EXPENSES." (*Id.*) On August 29, 2011, Defendant Raines filed a negligence lawsuit in Wayne County Circuit Court against Plaintiff and Defendants Hungry Howie's and Robert and Kaitlin Darnell.[2] (Pl.'s Mot. Summ. J., Ex. B, State Court Complaint.)

Defendant Darnell drove her personal vehicle when delivering pizzas for Defendant Hungry

---

[2]The state court case was assigned to Judge Brian R. Sullivan as *Raines v. Allstate Ins. Co., et al.*, Case No. 11-010464-NO.

Howie's. Defendant Darnell's vehicle was covered under a no-fault automobile insurance policy issued by Plaintiff Allstate Insurance Company. The insurance policy included Defendant Robert Darnell as a named insured and Defendant Kaitlin Darnell as an additional insured. (Pl.'s Mot. Summ. J., Ex. A, Insurance Policy at 3.) The insurance policy also included the following under the definition of an "Insured Person":

> Any other person or organization liable for the use of an insured auto provided:
> a)  the auto is not owned or hired by this person or organization, and
> b)  the use is by an insured person . . . .

(Insurance Policy at 6.)

In addition, the insurance policy included a "business use exclusion" in its coverage, which provided as follows:

> Allstate will not pay for any damages an insured person is legally obligated to pay because of:
> 1.  bodily injury or property damage arising out of the use of your insured auto while used to carry persons or property for a charge, or any auto you are driving while available for hire by the public. . . .

(Insurance Policy at 7.)

Plaintiff filed the instant Complaint arguing that Defendant Darnell's use of her vehicle to deliver pizzas for Defendant Hungry Howie's falls within the "business use exclusion," and that Plaintiff Allstate Insurance Company owes no coverage for any liability incurred as a result of the October 23, 2010, accident.

## II. LEGAL STANDARD

Plaintiff and Defendant Hungry Howie's have both moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). A party opposing a motion for summary judgment bears

the burden of establishing that there is a genuine issue of material fact that must be decided by a jury. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court construes all reasonable inferences in favor of the non-moving party. *Id.* at 587. In opposing a motion for summary judgment, a party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The dispute over a material fact must be "'genuine,' that is, if the evidence is such that a reasonable juror could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. ANALYSIS

#### A. Plaintiff's Argument

Plaintiff argues that any liability asserted against Defendant Kaitlin Darnell is barred, because delivering pizzas falls under the "business use exclusion" in the applicable insurance policy.

In *Amerisure Insurance Co. v.Graff Chevrolet, Inc.*, 257 Mich. App. 585 (2003), *rev'd on other grounds*, 469 Mich. 1003 (2004), the Michigan Court of Appeals found that a rental insurance agreement precluding insurance coverage if the car was used "to carry passengers or property for consideration express or implied," prevented the insurer's liability where the car was involved in an accident while it was being used to deliver pizzas. *Id.* at 597. The court reasoned as follows:

> [The driver] was employed by Hungry Howie's to make and deliver pizzas. He was paid the minimum wage and was not reimbursed for his mileage, although he did receive tips. In our view, because [the driver] was hired for the purpose of delivering pizzas, his transportation of those pizzas was for consideration.

*Id.* at 596. The court then concluded that "use of the rental car to deliver pizzas triggered the exclusionary provision of the rental agreement, and, because of the exclusion, defendants were

relieved of their obligation to provide liability coverage." *Id*. at 597.

Likewise, in an unpublished decision, the Michigan Court of Appeals found that an exclusion in an automobile insurance policy precluding coverage "for vehicles used to 'carry persons or property for a charge'" applied when the covered vehicle was used to deliver pizzas. *Amerisure Mut. Ins. Co. v. Farmers Ins. Exchange*, No. 243085, 243105, 2004 WL 953146 (Mich. Ct. App. May 4, 2004) (unpublished). The court noted that it had "previously held that when a person is hired to deliver pizzas, the delivery of the pizzas is for consideration." *Id*. at *2 (citing *Graff Cheverolet*, 257 Mich. App. at 596). The court then concluded that "the exclusion at issue precludes coverage because the accident occurred when the vehicle is used to carry 'persons or property for a charge.'" *Id*.

This Court previously encountered a "business use exclusion" provision in *Bristol West Insurance Co. v. Tzortinis*, No. 06-CV-14158, 2007 WL 3238913 (E.D. Mich. Oct. 31, 2007) (unpublished). The provision in that case excluded the insurer from liability "arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for compensation or fee, including, but not limited to, delivery of magazines, newspapers and food." *Id*. at *3. This Court held as follows:

> In the present situation, the insured, Tzortzinis, was using his vehicle to deliver pizzas. The delivery of pizzas has been held by Michigan courts to constitute a business use. *See Graff*, 257 Mich. App. at 596 . . . . Tzortzinis anticipated being paid for this time, for the delivery itself and to collect tips from the delivery. Here, the business use exclusion clearly applies as Legislature intended, where it allows insurers to specifically exclude residual liability when a vehicle is engaged in a commercial purpose.

*Id*. at *5.

**B. Defendant Hungry Howie's Argument**

Defendant Hungry Howie's does not contest that delivering pizzas constitutes a "business use" under the business use exclusion at issue. Nevertheless, Defendant Hungry Howie's argues that the business use exclusion does not apply under the facts in the instant case, because Defendant Kaitlin Darnell admits that she was not carrying pizzas in her vehicle at the time of the accident. (Def. Hungry Howie's Resp., Ex. A, Kaitlin Darnell Dep. at 25.) Defendant Hungry Howie's contends that Defendant Darnell was therefore not using the insured vehicle "to carry . . . property for a charge" at the time of the accident. Defendant Hungry Howie's further argues that, if the business use exclusion applies even when property is not present in the vehicle, the Court must find the provision ambiguous and construe it against Plaintiff.

Defendant Hungry Howie's relies on *Bristol West Insurance Co. v. Scott*, No. 279379, 2008 WL 4684151 (Mich. Ct. App. Oct. 23, 2008) (unpublished). In that case, the Michigan Court of Appeals found that a business use exclusion did not apply because the property transported by the vehicle was already at its final destination. *Id*. at *2. The business use exclusion in that case stated that it applied where the insured vehicle was "being used to carry . . . property for compensation or fee . . . ." *Id*. The plaintiff was injured while he was unhooking a trailer, which he used to carry a load of scrap metal, from the insured pickup truck after towing the scrap metal to a junkyard. *Id*. at *1. In finding that the business use exclusion did not apply, the court reasoned as follows:

> Clearly, the pickup truck had been used to carry property. By pulling the trailer to the junkyard, the pickup truck transported the scrap metal to the junkyard. However, at the time of the injury, the pickup truck was no longer "being used to carry" the scrap metal. The scrap metal was at its final destination; it was to be dumped at the junkyard. And, in order for the scrap metal to be dumped, the trailer had been unhitched from the pickup truck. Accordingly, at the time of the injury, the pickup truck was no longer in the process of transporting the scrap metal.

*Id.* at *2.

Defendant Hungry Howie's contends that the instant case is like *Bristol West* because Defendant Darnell had already delivered the pizzas to their final destination at the time of the accident. Under this argument, the business use exclusion ceased to apply as soon as the pizzas were taken out of Defendant Darnell's car and delivered to the customer.

## C. Plaintiff's Reply

In its Reply, Plaintiff argues that the business use exclusion applies regardless of whether property is actually in the vehicle at the time of the accident. Plaintiff cites in support of this argument *Hunt v. Drielick*, --- Mich. App. ---, 2012 WL 6913930 (Mich. Ct. App. Nov. 20, 2012). The plaintiff in that case was injured in an accident with "a 1985 freightliner semi-tractor without the attached trailer[.]" *Id.*, slip op. at 2. The semi truck was insured by Empire Fire and Marine Insurance Co. ("Empire"), which had issued "a non-trucking use, or bobtail, policy to Drielick Trucking." *Id.* Empire denied coverage for the accident pursuant to the business use exclusion in its policy, which stated "that Empire is not liable for 'bodily injury or property damage while a covered auto is used to carry property in any business or while a covered auto is used in the business of anyone to whom the auto is leased or rented.'" *Id.*, slip op. at 5.

In finding that the business use exclusion did apply, the Michigan Court of Appeals first noted that "[a]t the time of the accident, Corey[, the semi-truck driver,] was driving to the Great Lakes Carriers yard because William Bateson had dispatched Corey to haul a load. Corey was only miles from the yard at the time of the accident, and was not transporting any property." *Id.* The court reasoned that driving to the yard constituted a "use[] to carry property in any business" *Id.*, slip op. at 6:

7

> Since Corey was purposely driving to the yard to transport property, the accident occurred during an interval of time when the truck was employed for the purpose of carrying property in the trucking business. This is not a case where the driver was engaged in an activity unrelated to the business of transporting property, such as driving a truck on a personal matter, to which the exclusion would not apply.

*Hunt*, 2012 WL 6913930, slip op. at 7.

Plaintiff asserts that, like the semi-truck driver in *Hunt*, Defendant Darnell was engaged in a business activity on October 23, 2010, when the accident occurred, even though she did not have pizzas in her car at the time of the accident. Plaintiff claims that Defendant Darnell's returning to the Hungry Howie's location where she worked after delivering pizzas constitutes a use "to carry . . . property for a charge" within the meaning of the business use exclusion in Plaintiff's insurance contract.

## D. Applicability of the Business Use Exclusion

"Exclusionary clauses in insurance policies are strictly construed in favor of the insured." *Hayley v. Allstate Ins. Co.*, 262 Mich. App. 571, 574 (2004) (citation omitted). However, "[c]lear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume." *Id*.

> The rules of contract interpretation apply to the interpretation of insurance contracts. The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase. When the policy language is clear, a court must enforce the specific language of the contract. However, if an ambiguity exists, it should be construed against the insurer. An insurance contract is ambiguous if its provisions are subject to more than one meaning. An insurance contract is not ambiguous merely because a term is not defined in the contract. Any terms not defined in the contract should be given their plain and ordinary meaning, which may be determined by consulting dictionaries.

*McGrath v. Allstate Ins. Co.*, 290 Mich. App. 434, 439 (2010) (citations omitted).

The Court finds that the business use exclusion at issue is unambiguous. The provision clearly states that it excludes from coverage "bodily injury or property damage arising out of the use of [the] insured auto while used to carry persons or property for a charge . . . ." (Insurance Policy at 7.) Even if the provision is determined to apply in the factual circumstances present in this case, where the insured vehicle may not have been actually carrying property, this does not mean the provision is subject to more than one meaning. *See Farm Bureau Mut. Ins. Co. of Mich. v. Nikkel*, 460 Mich. 558, 570 (1999) (noting "[t]hat a question of fact may exist regarding the applicability of [insurance] policy language to specific circumstances does not render the policy language ambiguous."); *see also Hunt*, 2012 WL 6913930, at *3, 7 (noting that a similarly worded business use exclusion was unambiguous, holding that it applied when the vehicle was not actually carrying property, and noting that "[i]f the parties had intended to draft an exclusion limiting coverage to only those occasions when cargo was actually, physically, on the truck, they were free to do so, but chose not to.").

The Court also finds that the business use exclusion is applicable under the facts in the instant case. Initially, the Court notes that Defendant Darnell was carrying "property for a charge," because she was transporting the insulated bag for customers' pizza orders from their homes to Defendant Hungry Howie's store. Defendant Darnell's job as a delivery person was not limited to simply transporting pizza from the Hungry Howie's store to the delivery locations; Defendant Darnell was also required to carry the bag used to keep the pizzas warm back to the Hungry Howie's store after delivering the pizza. Because Defendant Darnell anticipated being paid for delivering pizzas and returning to the Hungry Howie's store with the insulated delivery bag in her car, she was

9

carrying property for a charge at the time of the accident.

Furthermore, even if Defendant Darnell was not carrying the insulated bag for her pizza deliveries, "the accident [still] occurred during an interval of time when the [car] was employed for the purpose of carrying property" for a charge. *Hunt*, 2012 WL 6913930, slip op. at 7. Defendant Darnell stated that she had finished delivering pizzas and was returning to the store "to pick up more pizzas and then deliver them[.]" (Def. Hungry Howie's Resp., Ex. A, Kaitlin Darnell Dep. at 25.) The purpose for Defendant Darnell's use of the car at the time of the accident was to return it to Defendant Hungry Howie's store so that she could collect additional pizzas for additional deliveries. The accident therefore occurred while Defendant Darnell was using the car to carry property for a charge, and the business use exclusion is applicable. In so finding, the Court finds instructive the following language from the Michigan Court of Appeals in *Hunt*, *supra*:

> If the parties had intended to draft an exclusion limiting coverage to only those occasions when cargo was actually, physically, on the truck, they were free to do so, but chose not to. Instead, the language of the exclusion is "*while* a covered auto *is used to carry property* in any business," not "while a covered auto is *carrying* property in any business." To disregard the word "while" or the phrase "is used" would violate this Court's mandate to give effect to every word, phrase, and clause in order to avoid rendering terms surplusage or nugatory. . . .

*Hunt*, 2012 WL 6913930, slip op. at 7.

Likewise, the exemption in the instant case applies to the insured auto "while used to carry persons or property for a charge," not "while *carrying* persons or property for a charge." Under the reasoning in *Hunt*, Defendant Darnell's returning to the Hungry Howie's store to pick up more pizzas for delivery constitutes a use to carry property for a charge. The Court therefore finds that Plaintiff's business use exemption applies under the facts in this case when they are taken in the

10

light most favorable to the Defendants.

**E. Applicability of Business Use Exclusion to Defendants Robert Darnell and Hungry Howie's**

Defendant Hungry Howie's argues that Plaintiff cannot deny coverage as to Defendant Robert Darnell because none of the terms of the business use exception apply to him. However, counsel for Defendant Hungry Howie's has not entered a notice of appearance on behalf of Defendant Robert Darnell, and cannot represent his interests in this matter at this time. *See* E.D. Mich. L.R. 83.25(a) (stating "[a]n attorney must appear before representing a person or a party . . . .").

Defendant Hungry Howie's also argues that it should be included as an "insured person" under the insurance policy. Defendant contends that, because the insurance policy defines an "insured person" to include "[a]ny . . . organization liable for the use of an insured auto[,]" Plaintiff must provide coverage to Defendant Hungry Howie's for any alleged damages arising out of the October 23, 2010 accident.

Defendant's argument fails because the business use exclusion states that Plaintiff "will not pay for any damages an insured person is legally obligated to pay" when the covered automobile is "used to carry persons or property for a charge[.]" (Insurance Policy at 7.) The claimed damages in this matter arise out of Defendant Kaitlin Darnell's business use of the covered automobile. They are thus damages insured persons are liable to pay because of the business use of the covered automobile by another insured, Kaitlin Darnell. Under the plain language of the insurance policy, Plaintiff Allstate is not obligated to pay any damages for injuries allegedly suffered by Defendant Raines arising out of the October 23, 2010 accident. Plaintiff Allstate's obligation to pay those damages is not affected by the parties that Defendant Raines decides to sue.

11

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Plaintiff's Motion for Summary Judgment;

(2) **DENY** Defendant Hungry Howie's Motion for Summary Judgment;

(3) **ORDER** judgment in favor of Plaintiff; and

(4) **FURTHER ORDER** that the business use exclusion contained in Plaintiff Allstate's insurance policy does not provide coverage or require that Plaintiff Allstate indemnify Kaitlin Darnell, Robert Darnell, and/or Hungry Howie's for any liability asserted against them in *Raines v. Allstate Ins. Co., et al.*, Case No. 11-010464-NO.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2013

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 6, 2013.

S/Denise Goodine
Case Manager